UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANN SHIRLEY BROWNFOX,<br>　　　　　Plaintiff,<br>　v.<br>CORBRO L.L.C.,<br>　　　　　Defendant. | Case No. 18-cv-03214-HSG<br>**ORDER GRANTING MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**<br>Re: Dkt. No. 9 |

Pending before the Court is a motion to dismiss Plaintiff's complaint for lack of subject matter jurisdiction filed by Defendant Corbro L.L.C. Dkt. No. 9 ("Mot."). For the reasons articulated below, the Court **GRANTS** the Defendant's motion.

## I. BACKGROUND

Plaintiff Ann Shirley Brownfox initially filed a complaint in state court against Defendant Corbro L.L.C. and its employees and contractors, alleging fraud related to a car-sale contract. Complaint ("Compl."), Dkt. No. 1, Ex. 1. On May 25, 2017, the state court granted Defendant's motion to compel arbitration, based on the arbitration agreement in the contract. *Id.* Ex. 5. Plaintiff subsequently filed an appeal, but the state appellate court dismissed it as taken from a nonappealable order. *Id.* Ex. 12.

Plaintiff filed her federal complaint in this Court on May 30, 2018, alleging that the sales contract was fraudulent and, thus, the arbitration provision was unenforceable and void. Compl. ¶ 5. Plaintiff requested a jury trial to determine the enforceability of the contract, invoking Section 4 of the Federal Arbitration Act ("FAA") as the basis for federal jurisdiction. *Id.* ¶¶ 1, 5.

Defendant filed its motion to dismiss on June 19, asserting that there was no federal subject matter jurisdiction. Mot. at 4–5. Plaintiff opposed on July 13, Dkt. No. 11 ("Opp."), and Defendant replied on July 17, Dkt. No. 13 ("Reply"). The Court held a hearing on the motion on

1 September 20. Dkt. No. 21.

## II. LEGAL STANDARD

A defendant may move for dismissal on grounds that the court lacks subject matter jurisdiction over the action. Fed. R. Civ. P. 12(b)(1). It is the plaintiff's burden to establish subject matter jurisdiction. *See Ass'n of Am. Med. Colls. v. United States*, 217 F.3d 770, 778–79 (9th Cir. 2000); *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 376–78 (1994). "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)). A facial attack "asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id.* A factual attack "disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.*

"Pleadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). For that reason, "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations marks and citations omitted). If dismissal is still appropriate, a court "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (quotation marks and citation omitted). Where leave to amend is appropriate, "before dismissing a pro se complaint the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

## III. DISCUSSION

The Court first considers whether Plaintiff's pro se complaint establishes subject matter jurisdiction. If there is no basis for subject matter jurisdiction, the Court must determine whether to grant leave to amend.

### A. The Court Does Not Have Subject Matter Jurisdiction

Federal courts are "courts of limited jurisdiction." *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 376 (2012). One basis for federal court jurisdiction is cases "arising under" federal

law.[1]  *See* 28 U.S.C. § 1331.  Under the "well-pleaded complaint rule . . . a suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon federal law.'"  *Vaden v. Discovery Bank*, 556 U.S. 49, 60 (2009) (quoting *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908) (brackets omitted)).  Here, Plaintiff's complaint, on its face, does not state a claim that arises under federal law and thus it must be dismissed under Federal Rule of Civil Procedure 12(b)(1).

### 1. The Federal Arbitration Act Does Not Create Federal Question Jurisdiction

Plaintiff invokes "Section 4 of the [Federal Arbitration] Act" to "seek[] an order by this Court for a jury trial to determine Plaintiff's resistance to the Arbitration Provision."  Compl. ¶ 5; *see also* Opp. at 6.  Plaintiff cites to the arbitration agreement of the sales contract, which provides: "Any arbitration under this Arbitration Provision shall be governed by the Federal Arbitration Act (9 U.S.C. Section 1 et seq.) and not by any state law concerning arbitration."  Compl. Ex. 4.  Defendant counters that the FAA does not bestow federal jurisdiction, citing *Vaden v. Discover Bank*, 556 U.S. 49 (2009).  Mot. at 4–5.

Assuming for the sake of this motion that Plaintiff is properly invoking Section 4, federal jurisdiction is still not established.  As the Supreme Court has explained, "the [Federal Arbitration] Act is something of an anomaly in the realm of federal legislation: It bestows no federal jurisdiction but rather requires for access to a federal forum an independent jurisdictional basis over the parties' dispute."  *Vaden*, 556 U.S. at 59 (internal quotations and brackets omitted).  Hence, "the district court should assume the absence of the arbitration agreement and determine whether it would have jurisdiction under title 28 without it."  *Id.* at 62 (internal quotation omitted).  Pursuant to *Vaden*, the Court will look to Plaintiff's complaint to determine whether an independent jurisdictional basis exists.

### 2. Plaintiff's Underlying Claims Are Based on State Law

Assuming the absence of the arbitration agreement, Plaintiff's sole allegation is that the

---

[1] The parties agree that there is no diversity jurisdiction under 28 U.S.C. § 1332 because they are both citizens of the state of California.  *See* Compl. ¶¶ 3, 4; Mot. at 2.  Because Plaintiff does not allege any other plausible basis for subject matter jurisdiction, the Court need determine only whether federal question jurisdiction exists.

3

sales contract is void and unenforceable because it is founded in fraud. Compl. ¶¶ 5, 26. Like other contracts, arbitration provisions "may be invalidated by generally applicable contract defenses, such as fraud, duress, or unconscionability." *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 68 (2010) (internal quotation omitted). However, these defenses are typically state law defenses. *See, e.g.*, *Myers v. Jones*, No. C 02-036489 CRB, 2002 WL 31689404, at *1 (N.D. Cal. Nov. 22, 2002) ("The causes of action for breach of contract [and] fraud . . . present issues of state law and must be adjudicated in state court."). Plaintiff does not cite to any federal authority to show that federal law provides a basis for her claim.

\*   \*   \*

Because Plaintiff's cause of action does not arise under federal law, federal jurisdiction is lacking and the Court must dismiss her claim.

### B. Granting Leave to Amend Would Be Futile

The Court dismisses Plaintiff's complaint without leave to amend because the "pleading could not possibly be cured by the allegation of other facts," *see Lopez*, 203 F.3d at 1130. Plaintiff's only claim is that the contract is void as founded in fraud, an allegation governed by state law, rather than federal law. Thus, granting leave to amend would be futile.

### IV. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is **GRANTED**, and Plaintiff's Complaint is **DISMISSED WITHOUT LEAVE TO AMEND**. The Clerk is directed to close the case.

**IT IS SO ORDERED.**

Dated: 10/29/2018

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge